UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____-Civ
**IN ADMIRALTY**

BANK OF AMERICA, N.A., a national banking association,

        Plaintiff,

vs.

BURRELL DIVERSIFIED INVESTMENTS LLC, a Delaware Limited Liability Company, DYLAN LUCY, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., *in rem,*

        Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, Bank of America, N.A., by and through its undersigned counsel, sues Defendant, Burrell Diversified Investments LLC and seeks foreclosure of a ship mortgage and arrest of vessel, the Dylan Lucy, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., (the "Vessel") and states as follows:

### PRELIMINARY ALLEGATIONS

1. This is an *in rem* action to foreclose on various interests under a Security Agreement and a First Preferred Ship Mortgage encumbering the Vessel and an *in personam* action on a commercial loan agreement.

### JURISDICTION AND VENUE

2. This is an action to foreclose on various interests under a First Preferred Ship Mortgage under 46 U.S.C. § 31325 and is thus within the admiralty and maritime jurisdiction of

this Court as contemplated by 46 U.S.C. § 31325(c), 28 U.S.C. § 1333(1), and Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules A, C, D, and E.

3. Jurisdiction and venue are proper in the United States District Court for the Southern District of Florida pursuant to 46 U.S.C. § 31325(c) and 28 U.S.C. 1331, 1333, 1391 and 1367 as to both the foreclosure action and the *in personam* claim.

4. The Plaintiff, Bank of America, N.A. ("Bank of America"), is a national banking association organized, existing, and operating under and by virtue of the laws of the United States of America, engaged in the business of banking. Bank of America's principal place of business and corporate headquarters are located at 101 North Tryon Street, Charlotte, North Carolina 28255.

5. The *in rem* Defendant, Dylan Lucy, Official Number 1294109, Hull Number ZEE72038C920, her parts, appliances, equipment, substitutions, etc., (hereinafter referred to as the "Vessel"), is a motor yacht documented under the laws of the United States of America, and is owned by Burrell Diversified Investments LLC ("Burrell Investments"). The Vessel is currently within this district and therefore within the jurisdiction of this Honorable Court.

6. The *in personam* Defendant Burrell Investments is a limited liability company, incorporated in the state of Delaware, that has contractually submitted itself to the jurisdiction of this Court because the Vessel, the collateral for the subject loan transaction, is located within the jurisdiction of this Court. Notwithstanding the fact the Vessel owned by Burrell Investments is located within the jurisdiction of this Court, Burrell Investments is also subject to this Court's jurisdiction by virtue of conducting business in the state of Florida, by, among other things, being a member of an entity that is doing business in Florida. Specifically, Burrell Investments is the sole officer of Burrell Aviation, LLC, a Delaware limited liability company, registered to do business in Florida with the Florida Department of State, Division of Corporations.

7. Venue is proper in this district because the location of the Vessel is within the jurisdiction of this Court.

8. Bank of America has retained the undersigned attorneys and is obligated to pay them a reasonable fee and costs for their services.

9. All conditions precedent to the bringing of this lawsuit have occurred, been performed or have otherwise been waived.

## STATEMENT OF FACTS

10. Burrell Investments is and was, at all relevant times, the owner of record of the Vessel, the maker of the below described Loan Agreement, as subsequently amended and secured by, *inter alia*, the Mortgage and Security Agreement (all as defined below), which are the subject matter of this action.

11. For value received, Burrell Investments duly made, executed and delivered a Loan Agreement representing a Variable Rate Term Loan in favor of Bank of America dated March 15, 2019, in the principal amount of Three Million, Seven Hundred Eighty Thousand Three Hundred Thirteen Dollars ($3,780,313.00) (the "Original Loan Agreement"). The Original Loan Agreement was later amended on November 10, 2022, by that certain Amendment No. 1 to Loan Agreement (the "First Amendment"). The Original Loan Agreement and First Amendment are hereinafter collectively referred to as the "Loan Agreement." A true and correct copy of the Loan Agreement is attached hereto as **Composite Exhibit "A."**

12. In order to secure re-payment of the Loan Agreement, Burrell Investments executed a First Preferred Ship Mortgage dated March 21, 2019 (the "Mortgage"), naming Bank of America as the mortgagee therein and encumbering the subject Vessel. The Mortgage was duly executed and acknowledged on March 21, 2019. A true and correct copy of the Mortgage securing the Loan Agreement is attached hereto as **Exhibit "B"**.

13. Bank of America perfected its security interest in the Vessel by filing and recording the Mortgage with the National Vessel Documentation Center, U.S. Coast Guard.

14. In order to further secure payment of the Loan Agreement, on or about March 15, 2019, Burrell Investments also executed and delivered to Bank of America a Security Agreement ("Security Agreement") granting a security interest in the Vessel and in other personal property collateral as more specifically described therein. A true and correct copy of the Security Agreement is attached hereto as **Exhibit "C"**.

15. Bank of America's interest in the Vessel was further perfected with the filing of Uniform Commercial Code Financing Statement Matter Identification Number 20192025351 in the Colorado Secretary of State and Uniform Commercial Code Financing Statement Number 20192118706 in the Delaware Department of State ("UCC-1 Statements), which was subsequently extended. A true and correct copy of the UCC-1 Statements are attached hereto as **Composite Exhibit "D"**.

16. As additional security for repayment of the indebtedness under the Loan Agreement, on or about March 15, 2019, Mr. Daniel C. Burrell, in his individual capacity, executed and delivered to Bank of America a Continuing and Unconditional Guaranty, guaranteeing the obligations and liabilities of Burrell Investments under the Loan Agreement ("Guaranty").[1]

17. The Loan Agreement, Mortgage and Security Agreement are collectively referred to as the "Loan Documents".

18. Bank of America owns and holds the Loan Documents.

---

[1] Bank of America is not including a count for breach of the Guaranty in the instant action at this time, however, Bank of America reserves its right to enforce the Guaranty and seek recovery of any indebtedness due thereunder in this action or any other action against Mr. Daniel C. Burrell.

19. On October 25, 2023, Bank of America notified Burrell Investments of its failure to comply with the terms of the Loan Agreement, in particular the failure to make regular monthly payments under the Loan Agreement from and after July 2023 (the "October 25, 2023 Default Notice").  A true and correct copy is attached hereto as **Exhibit "E"**.

20. On February 28, 2024 Bank of America, via counsel, notified Burrell Investments of the continued default under the subject Loan Documents for failing to make monthly payments thereunder and demanded in full the repayment of the outstanding indebtedness (the "February 28, 2024 Demand").  A true and correct copy is attached hereto as **Composite Exhibit "F"**.

21. Notwithstanding the February 28, 2024 Demand, and being unable to enter into other accommodations with Burrell Investments concerning the defaulted and demanded loan obligations under the Loan Agreement, Bank of America, via counsel, yet again, notified Burrell Investments of the continued failure to make payments under the Loan Agreement and otherwise comply with the terms of the various Loan Documents (the "March 26, 2024 Demand").  The March 26, 2024 Demand also demanded full payment of the indebtedness from the obligated loan parties.  Notwithstanding the March 26, 2024 Demand, payment in full was not made.  A true and correct copy of the March 26, 2024 Demand is attached hereto as **Composite Exhibit "F"**.  As noted in the March 26, 2024 Demand, the continuing events of default under the Loan Agreement include Burrell Investments' failure to repay all principal, accrued interest and other amounts outstanding under the Loan Agreement on or before the last day of the "Repayment Period," which ended March 15, 2024 as provided in Section 2.3(b) of the Loan Agreement.

22. Notwithstanding the above listed defaults and subsequently thereto, Burrell Investments has also defaulted under the terms of the Loan Documents by failing to make the

contractually required insurance premium payments for the Vessel resulting in Bank of America's requirement to advance said amounts to avoid the lapse of insurance coverage for the Vessel.

23. Pursuant to the Loan Documents, there is now due and owing to Bank of America with respect to the matured term loan the principal amount of $3,166,012.30, interest of $231,300.31 and late fees of $17,673.56 accrued as of April 30, 2024, plus further accrued interest, late fees, attorneys' fees and costs, expenses and other amounts to the extent due and payable under the Loan Documents (the "Amounts Due").

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(*In Rem* Foreclosure of Preferred Ship Mortgage and Arrest of Vessel)

24. Each and every allegation of the above paragraphs 1 through 23 is incorporated as if stated fully herein.

25. Burrell Investments has defaulted under the terms and conditions of the Loan Agreement and the Mortgage, and related financing documents by, including but not limited to, failing to make payments as they came due thereunder, failing to maintain, in full force and effect, insurance coverage for the Vessel causing Bank of America to advance payment of the premium to avoid a lapse, and otherwise failing to comply with the terms of the Loan Documents.

26. Pursuant to the Loan Agreement, Burrell Investments owes Bank of America the Amounts Due.

27. As a result of the events of defaults under the Loan Agreement and related Loan Documents and by virtue of the filing of this complaint, the balance due under the Loan Agreement is due and owing to Bank of America.

28. As a result of the events of default, Bank of America has and will be required to expend attorneys' fees and other costs and expenses of collection in obtaining an *in rem* judgment over the Vessel in this matter.

29. Bank of America hereby claims a mortgage lien against Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., in the Amounts Due, all in preference to and in priority over all other lienors of the Vessel.

30. In the event that the proceeds of the judicial sale of the Vessel are insufficient to fully satisfy Bank of America's *in rem* claim against the Vessel, Bank of America specifically reserves its rights and remedies to obtain a deficiency judgment *in personam* against Burrell Investments.

**WHEREFORE**, by reason of the foregoing, Bank of America, N.A., prays that this Honorable Court issue an Order:

   a. Authorizing a warrant of arrest for Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc.;

   b. Granting a judgment in favor of Bank of America and against Defendant, Dylan Lucy, Official Number 1294109, her engines, hull, tackle, apparel, equipment, etc., *in rem*, for the Amounts Due including principal that is due under the Loan Agreement, plus interest, post-judgment interest as permitted by law, late fees, the costs and disbursements of this action, expenses, and reasonable attorneys' fees pursuant to the terms of the Loan Agreement;

   c. The judicial sale of the said Vessel, pursuant to Chapter 313 of Title 46 of the United States Code, the Ship Mortgage Act of 1920, as amended;

   d.. Barring and foreclosing all rights, claims and liens to the Vessel, except the right to redeem the same before sale as provided by law;

   e. Awarding such other relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Breach of Loan Agreement)

31. Each and every allegation of the above paragraphs 1 through 23 is incorporated as if stated herein.

32. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

33. As set forth above, Burrell Investments defaulted under the Loan Documents by, including without limitation, failing to repay principal and pay interest as and when due under the Loan Agreement, failing to maintain, in full force and effect, insurance coverage for the Vessel resulting in Bank of America's requirement to advance the premium payments to avoid a lapse in insurance, and otherwise failing to comply with the terms of the Loan Documents.

34. Pursuant to the Loan Agreement, the Amounts Due are outstanding and owing to Bank of America from the obligated parties.

35. Under the terms of the Loan Agreement, Bank of America is entitled to recover its attorneys' fees and costs incurred in enforcing its rights under the Loan Documents.

**WHEREFORE,** Bank of America demands judgment against Burrell Investments for damages in the principal amount of $3,166,012.30, plus prejudgment interest, default interest, post-judgment interest, costs, expenses and attorneys' fees, together with such other relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Foreclosure of Security Agreement)

36. Each and every allegation of the above paragraphs 1 through 23 is incorporated as if stated herein.

37. This is an action to foreclose on various security interests in the personal property collateral under the Loan Documents.

38. Burrell Investments defaulted under the Loan Documents by, including without limitation, failing to repay principal and pay interest as and when due under the Loan Agreement, failing to maintain, in full force and effect, insurance coverage for the Vessel resulting in Bank of America's requirement to advance the premium payments to avoid a lapse in insurance, and otherwise failing to comply with the terms of the Loan Documents.

39. Pursuant to the Loan Documents, the Amounts Due are outstanding and owing to Bank of America.

40. Under the terms of the Security Agreement, Burrell Investments pledged certain personal property assets as security for its debts.

41. Bank of America's interest in the personal property was properly perfected through the filing of the UCC-1 Statements. *See* Comp. "D".

42. As a result of Burrell Investments' default under the Loan Documents, Bank of America is entitled to foreclose on its security interests in the subject personal property collateral. Bank of Amerca has demanded that Burrell Investments turn over the personal property collateral (specifically the Vessel), but Burrell Investments has failed or refused to comply. *See* Comp. "F".

43. Under the terms of the Loan Documents, Bank of America is entitled to recover its attorneys' fees and costs incurred in enforcing its rights thereunder.

**WHEREFORE,** Bank of America hereby requests that the Court enter a judgment foreclosing its security interests in the subject personal property pledged as collateral as described in the Security Agreement; that Bank of America's claim be declared prior to any claim or interest of Burrell Investments or any other party claim by or through said party; that the personal property collateral be seized and sold according to law; that the Court adjudge that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior and subordinate to Bank of America's secured interest and that such parties be forever

barred and foreclosed of any rights, title, interest and liens upon the personal property collateral, and that all parties in possession thereof surrender and forthwith deliver the personal property collateral; that the proceeds of the sale be applied to payment of the costs and expenses of taking possession and foreclosing upon the personal property collateral, to the costs and expenses of sale, payment of attorneys' fees and the amounts due and owing under the Loan Agreement against Burrell Investments since the filing of this action be foreclosed, and for such other just and equitable relief as the Court deems just and proper.

Dated this 2 day of May 2024.

Respectfully submitted,

 /s/ *Baris J. Okcular*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile: (305) 379-9626
*Attorneys for Plaintiff Bank of America, NA*
BARIS J. OKCULAR
Florida Bar No. 0024257
NICOLE ZIMMERMAN
Florida Bar No. 19595

## VERIFICATION FOR PURPOSES OF AUTHENTICATION

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

I, Lisa Marshall, being duly sworn, depose and say:

1. I am an employee of Plaintiff, Bank of America, N.A., authorized to sign this verification on Bank of America N.A.'s behalf.

2. I have access to Bank of America, N.A.'s business records pertaining to the Loan Agreement attached hereto as Composite Exhibit "A", the Mortgage attached hereto as Exhibit "B", and the Security Agreements attached hereto as Exhibit "C" (collectively the "Loan Documents") encumbering the Defendant, Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc.

3. As part of my job responsibilities for Bank of America, N.A., I am familiar with the type of records maintained by Bank of America, N.A., in connection with the Loan Documents. I have personal knowledge of Bank of America's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by a person with personal knowledge; (b) kept in the course of Bank of America's regularly conducted business activities; and (c) created by Bank of America, as a regular practice.

4. I have reviewed the Loan Documents and the records available to Bank of America, N.A. reflecting the status of the indebtedness due under the Loan Documents. Based upon my review of the records, there is presently due under the Loan Documents the principal amount of $3,166,012.30, interest of $231,300.31 and late fees of $17,673.56 accrued as of April 30, 2024 with respect to the matured term loan, plus further accrued interest, late fees, attorneys' fees and costs, expenses and other amounts to the extent due and payable under the Loan Documents.

Bank of America, N.A.

By: _Lisa Marshall_
Name: LISA MARSHALL
Title: DIRECTOR

On this, the 1st day of May, 2024, before me, Elizabeth Steele Rusher a notary public, Lisa Marshall, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the above-referenced state that the foregoing paragraph is true and correct.

ELIZABETH STEELE RUSHER
Notary Public, State of Florida
Commission# HH 336916
My comm. expires Jan. 8, 2027

Notary Public: Elizabeth Steele Rusher
My Commission Expires: January 8, 2027

## VERIFICATION

I, Baris J. Okcular, Esq., duly sworn, depose and say:

1. I am a member of the bar of this Honorable Court and the Attorney for Bank of America, N.A., the Plaintiff. I reside and work in the Southern District of Florida.
2. That representatives and officers of the Plaintiff are not within this District to make this Verification but have verified the previous page of this Complaint for purposes of authenticating the records attached hereto.
3. I have read the above and foregoing Complaint and know the contents thereof.
4. That the same are true and correct to the best of my knowledge and belief.
5. That the source of this knowledge is information provided by documents provided to me and statements made to me by representatives of the Plaintiff and based on the Verification of the Plaintiff.
6. That I am authorized by Plaintiff to make this Complaint and Verification.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

_____
BARIS J. OKCULAR
Florida Bar No.: 0024257