**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-CV-60736-RS- Smith/Hunt**

**IN ADMIRALTY**

BANK OF AMERICA, N.A., a national
banking association,

          Plaintiff,

vs.

BURRELL           DIVERSIFIED
INVESTEMENTS, LLC, a Delaware
Limited Liability Company, DYLAN LUCY,
a 2020 66 foot Zeelander motor Yacht,
Official Number 1294109, her parts,
appliances, equipment, substitutions, etc., *in
rem,*

          Defendants.

_____/

<u>**PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST *DYLAN LUCY* OFFICIAL NO. 1294109 AND BURRELL DIVERSIFIED INVESTMENTS LLC AND INCORPORATED MEMORANDUM OF LAW**</u>

Plaintiff, BANK OF AMERICA, N.A. ("Bank of America"), by and through its

undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 55(b), and Local Rule

Rule C(9) hereby moves for an entry of default judgment against Defendant Vessel, Dylan Lucy,

a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances,

equipment, substitutions, etc. ("Dylan Lucy") and Burrell Diversified Investments LLC

("BDI")(the Dylan Lucy and BDI collectively, the "Obligated Parties") for failure to defend or

file any paper as required by law or to serve any response to the Verified Complaint and as

grounds for this motion, states as follows:

**Case No.: 24-CV-60736-RS - Smith/Hunt**

1.      This is an action under admiralty and maritime jurisdiction and is an admiralty claim within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C.A. §1333 and an action for monetary damages against BDI under the loan agreement.

2.      On May 2, 2024, Bank of America filed its Verified Complaint ("Complaint") (Doc. No. 1) seeking to enforce its maritime lien arising from its Preferred Ship Mortgage against the Dylan Lucy, *in rem* (Count I), the breach of the loan agreement (Count II) and foreclosure of a Security Agreement (Count III) against BDI[1].

3.      Pursuant to the Court's Order Directing the Issuance of the Arrest Warrant [DE #8], the Clerk issued a Warrant for Arrest in Rem of the *Dylan Lucy* ("Warrant for Arrest") [DE #9] directing the U.S. Marshal to take custody of the vessel and to retain custody of the vessel pending further of the Court.

4.      The U.S. Marshal executed the Warrant for Arrest on May 25, 2024.  *See* U.S. Marshals Service Process Receipt and Return [DE #12].

5.      Pursuant to Local Admiralty Rule C(6), any one claiming an interest in the vessel was required to file and serve a claim within fourteen (14) days after process has been executed.

6.      Pursuant to Local Admiralty Rule C(8), Bank of America provided notice of action and arrest as follows:

    a.      By service of process on the party having custody of the vessel on accomplished on the *Dylan Lucy* when the United States Marshal arrested the *Dylan Lucy*.  The United States Marshals Service's Process Receipt and Return [DE# 12] was filed with the Court on May 28, 2024.

---

[1] Bank of America is not including a count for breach of the Guaranty in the instant action at this time, however, Bank of America reserves its right to enforce the Guaranty and seek recovery of any indebtedness due thereunder in    a separate action against Mr. Daniel C. Burrell.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

Case No.: 24-CV-60736-RS - Smith/Hunt

    b.   By service of process on the owner, Burrell Diversified Investments, LLC ("BDI") *in personam* by serving its Registered Agent with process including the summons and Verified Complaint with exhibits, as fully set forth in the Affidavits of Service filed in this is matter on June 17, 2024 [DE#19].

    c.   By publication in the Sun Sentinel on June 3, 2024 and June 10, 2024, as set forth in the Affidavit of Publication filed on June 14, 2024 [DE#16].

7.    To date, no claims have been filed by the owner of the vessel.

8.    On July 8, 2024, the Clerk of this Court entered a default against Defendant BDI for its failure to file a response or otherwise oppose the claims by Plaintiff against it as it relates to the breach of the Loan Agreement and foreclosure of the Security Agreement. [DE#26].

9.    On July 15, 2024, the Clerk of this Court entered a default against the Defendant Vessel, Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc. pursuant to Rule 55, Fed R. Civ. P., Local Rule C(8) [DE# 29].

10.    As detailed below, the Obligated Parties have failed to appear in this action and contest the claims by Plaintiff against them under the various loan documents.

11.    Accordingly, Plaintiff is entitled to entry of a Default Final Judgment as against the Obligated Parties for foreclosure of its secured interest in the Vessel and for damages caused due to their breach of various loan documents and recovery of the outstanding indebtedness due thereunder as detailed in Plaintiff's Declaration in Support of Plaintiff's Renewed Motion for Final Default Judgment ("Declaration").  *See* attached **Exhibit "1"**.

12.    Notwithstanding the foregoing, on July 10 2024, Cable Marine Inc. ("Cable Marine") filed an intervening complaint against the Dylan Lucy seeking recovery of, among other things, past due dockage and necessaries provided to the subject vessel. [DE#27].    Bank of

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No.: 24-CV-60736-RS - Smith/Hunt

America and Cable Marina have resolved this claim by entering into a confidential settlement agreement and pursuant to the settlement; on February 3, 2025, Cable Marine dismissed its intervenor complaint in this action.  *See* [DE#41].

13.     On August 13, 2024, White Rhino Holdings LTD. ("White Rhino"), filed an intervenor complaint [DE#32].  White Rhino has asserted claims against the Dylan Lucy and its owner BDI for alleged damages from an incident in Charleston, South Carolina arising from an allision.  The claims of White Rhino as against the Dylan Lucy and BDI are currently being litigated in that certain lawsuit in the United States District Court of the District of South Carolina, case number 2:24-cv-01213-DCN.  White Rhino and Plaintiff have since resolved this claim by entering into a confidential settlement agreement and White Rhino has now dismissed its intervenor complaint in this action.  *See* [DE #38].

14.     On August 26, 2024, Plaintiff filed a Motion for Default Judgment Against Dylan Lucy and BDI and Incorporated Memorandum of Law by Bank of America ("Initial Motion for Final Default Judgment")

15.     On January 7, 2024, this Court entered an Order Denying the Initial Motion for Final Default Judgment [DE# 37] without prejudice on the grounds that Plaintiff failed to provide the Court with a proposed order granting the default judgment or a proposed final judgment. Plaintiff is bringing this Renewed Motion for Default Judgment Against Dylan Lucy and BDI and Incorporated Memorandum of Law  ("Renewed Motion for Final Default Judgment") curing these deficiencies noted by the Court.  A copy of the proposed Order Granting the Renewed Motion for Final Default Judgment is attached hereto as **Exhibit "2"** and a proposed Default Final Judgment is attached hereto as **Exhibit "3"**.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No.: 24-CV-60736-RS - Smith/Hunt

## <u>MEMORANDUM OF LAW</u>

Local Rule C(9) sets forth the procedural requirements that must be met in this Court where a party seeks to have a default judgment entered in an admiralty action *in rem.* The procedure calls for the party seeking a judgment to obtain first the entry of default, which has been previously accomplished in this case. [DE#29].  The movant must then file a motion for entry of default judgment with supporting legal documentation showing the movant's right to the requested judgment pursuant to Fed. R. Civ. P. 55(b). *See* Local Rule C(9).  It is respectfully submitted that the present motion, the Verified Complaint, the and Declaration affirmatively show that the Plaintiff is entitled to judgment in its favor against Defendant Vessel, the Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., *in rem.*   Similarly, Plaintiff is entitled to default final judgment against BDI pursuant to Fed. R. Civ. P. 55(b) as the present motion, the Verified Complaint, Declaration and the Court file in these proceedings affirmatively show that the Plaintiff is entitled to judgment in its favor against Defendant BDI.

It is undisputed that Bank of America owns the Loan Agreement, as amended, the First Preferred Ship Mortgage and the Security Agreement (collectively the "Loan Documents") secured by the Defendant vessel Dylan Lucy.  Exhibit "1" .   The Preferred Ship Mortgage complies with 46 USC §31322(a) making it a preferred ship mortgage and includes the whole Vessel, Dylan Lucy.  *See* Ex. 1. Ex. B.   The Preferred Ship Mortgage was in substantial compliance with 46 U.S.C. §31321 and has met the recording requirements of 46 U.S.C. §31321. Bank of America's interest in the Vessel was further perfected with the filing of Uniform Commercial Code Financing Statement Matter Identification Number 20192025351 in the Colorado Secretary of State and Uniform Commercial Code Financing Statement Number 20192118706 in the Delaware Department of State ("UCC-1 Statements), which was subsequently

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No.: 24-CV-60736-RS - Smith/Hunt

extended.  Composite Exhibit "D" of Exhibit "1".  The owner of the Defendant Dylan Lucy, BDI,

defaulted under the terms of the Loan Documents by failing to make payments when they became

due. Exhibit "1" ¶ 14.  Moreover, the indebtedness under the Loan Agreement has matured and is

fully due and owing. Ex. "1".   There is presently due from the owner of the Dylan Lucy and BDI,

jointly and severally, the principal amount of $3,169,512.30, in addition to accrued interest of

$378,092.82 through January 30, 2025 with interesting accruing each day thereafter, in addition to

late fees, insurance advances for the subject Vessel as well as Custodian fees, all as outlined in the

Declaration.  The expenses, specifically the insurance coverage and custodial fees continue to

accrue and will accrue subsequently to the entry of a final judgment until as such time as the Vessel

is sold at eventual sale by the U.S. Marshal.  *See* Ex. "1" ¶ 21.  Moreover, as a result of BDI's

default under the Loan Agreement Bank of America is also entitled to foreclose on its security

interests in the subject personal property collateral. Exhibit "C" and Composite Exhibit "D" of

Exhibit "1".

       Plaintiff is also seeking attorney's fees and costs associated with being required to litigate

this matter in enforcing Bank of America's rights as against the Obligated Parties.  Attorney's fees

are recoverable in admiralty where they are provided for by contract.  *See Natco Ltd. P'Ship v.*

*Moran Towing of Florida, Inc*., 267 F .3d 1190, 1193 (11th Cir. 2001).   Under the terms of the

Loan Agreement, Preferred Ship Mortgage and Security Agreement, Plaintiff is entitled to recover

attorney's fees and costs, including custodian fees, incurred in enforcing its rights as against the

vessel Dylan Lucy and against BDI.  Plaintiff will move for attorney's fees and costs in accordance

with local rule 7.30.  Plaintiff also requests reservation of the Court's jurisdiction for the right to

file a supplemental motion for any additional fees, costs, insurance premiums paid and custodial

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No.: 24-CV-60736-RS - Smith/Hunt

costs incurred after the Court's entry of default final judgment and seek an additional judgement thereof from any sale proceeds.

**WHEREFORE**, Bank of America respectfully moves for entry of a Default Judgment against the Defendants Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., and BDI granting the following relief:

a. Bank of America's Preferred Ship's Mortgage, granted to Bank of America by BDI, the sole owner of the Dylan Lucy, is a valid and enforceable preferred ship mortgage against Defendant Dylan Lucy in the amount of 3,709,483.31, through and including January 30, 2025, plus post judgment interest, attorney's fees, cost of litigation, and custodian fees, insurance and costs that Bank of America will continue to incur subsequently hereto or as justice requires;

b. Entry of a Final Judgment against Dylan Lucy and BDI in the amount of $3,709,483.31, jointly and severally, through and including January 30, 2025, plus post judgment interest, attorney's fees, cost of litigation, insurance and custodian fees and costs that Bank of America will continue to incur subsequently hereto or as justice requires;

c. Bank of America further prays that the Court enter judgment directing the Defendant Vessel, Dylan Lucy, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., *in rem*, be condemned and sold at a U.S. Marshal's sale, and for an order that the proceeds of the sale to be placed into the Court's registry until further order of this Court.  Bank of America will be seeking proceeds to satisfy its judgment plus post judgment interest, attorney's fees, costs of litigation, and custodial fees and costs, and any further relief deemed just and proper;

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case No.: 24-CV-60736-RS - Smith/Hunt

d.  That Plaintiff Bank of America be allowed to credit bid its judgment of $3,709,483.31, plus post judgment interest, costs and fees, at an eventual Marshal's sale of the Vessel Dylan Lucy;

e.  That Bank of America has a lien on the personal property collateral as asserted in Count III of the Verified Complaint, and order that the Collateral be seized and sold according to law and proceeds be applied to the outstanding indebtedness due Plaintiff Bank of America from the Obligated Parties.

f.  The Court retains jurisdiction to award attorneys' fees and costs related to this litigation and to award any subsequent attorneys' fees, court costs, custodial costs and other expenses incurred by Bank of America through ultimate sale of the subject Vessel.

g.  That the Court retain jurisdiction to enter a deficiency judgment against BDI should the sale of the Vessel not satisfy Bank of America's judgment.

h.  Plaintiff, having complied with the Rule of Civil Procedure, and having demonstrated that no answer has been filed in this action after proper notice and due process, and having provided support for its judgment and damages, hereby request Entry of a Final Default Judgment *in rem* against the Defendant Vessel Dylan Lucy and a Final Judgment *in personam* against BDI and for all other relief that is proper and just.

Dated: February 7, 2025.

Respectfully submitted,

 /s/ *Baris J. Okcular*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile: (305) 379-9626

-8-

**Case No.: 24-CV-60736-RS - Smith/Hunt**

*Attorneys for Plaintiff Bank of America, N.A.*
BARIS J. OKCULAR
Florida Bar No. 0024257
NICOLE ZIMMERMAN
Florida Bar No. 19595

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of February, 2025, the foregoing was electronically filed with the Clerk of Court using CM/ECF to: Adam B. Cooke, acooke@fowler-white.com, Robert D. McIntosh rmcintosh@fowler-white.com, Charles S. Davant, Esq., csd@davantlaw.com, Melaina Haisfield, Esq., mdh@davantlaw.com and all those parties receiving electronic notice in the above-referenced case and via U.S. Mail to Burrell Investment Diversified Investments, LLC c/o National Registered Agents, 1209 Orange Street, Wilmington, DE 19801.

/s/ *Baris J. Okcular*
BARIS J. OKCULAR

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400