UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-60736-SMITH

IN ADMIRALTY

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

BURRELL DIVERSIFIED INVESTEMENTS, LLC, a Delaware Limited Liability Company, DANIEL BURRELL, an individual, DYLAN LUCY, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., *in rem*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DYLAN LUCY OFFICIAL NO. 1294109 AND BURRELL DIVERSIFIED INVESTMENTS LLC

This matter is before the Court on Plaintiff's, Bank of America, N.A. ("Bank of America"), Renewed Motion for Entry of Final Default Judgment against Dylan Lucy Official No. 1294109 and Burrell Diversified Investments LLC [DE 42] ("Renewed Motion for Final Default Judgment").

Southern District of Florida Local Rule C(9) sets forth the procedural requirements that must be met in this Court where a party seeks to have a default judgment entered in an admiralty action *in rem*. The procedure calls for the party seeking a judgment to obtain first the entry of default, which has been previously accomplished in this case. [DE 29]. The movant must then file a motion for entry of default judgment with supporting legal documentation showing the movant's

right to the requested judgment pursuant to Fed. R. Civ. P. 55(b). *See* S.D. Fla. L. R. Adm. C(9). The Court file in these proceedings, affirmatively show that Plaintiff Bank of America is entitled to default final judgment in its favor against Defendant Vessel, the Dylan Lucy, Official Number 1294109, her parts, appliances, equipment, substitutions, etc. (the "Vessel"), *in rem*.

Similarly, Plaintiff is entitled to default final judgment against BDI pursuant to Fed. R. Civ. P. 55(b). A clerk's default was entered against BDI on July 8, 2024 [DE 26]. In the case at hand, on February 7, 2025, Plaintiff filed its Renewed Motion for Final Default Judgment [DE 42] and the Declaration in Support of Plaintiff's Renewed Motion for Default Judgment ("Declaration in Support") was attached thereto as Exhibit "1". Plaintiff's Renewed Motion for Default Final Judgment, the Verified Complaint, the Declaration in Support attached as Exhibit "1" and the Court file in these proceedings, affirmatively show that Plaintiff Bank of America is entitled to judgment in its favor against Defendant BDI.

The Declaration in Support establishes that Bank of America owns the Loan Agreement, as amended, the First Preferred Ship Mortgage and the Security Agreement (collectively the "Loan Documents") secured by the Defendant Vessel Dylan Lucy. Bank of America's interest in the Vessel was further perfected with the filing of Uniform Commercial Code Financing Statement Matter Identification Number 20192025351 in the Colorado Secretary of State and Uniform Commercial Code Financing Statement Number 20192118706 in the Delaware Department of State ("UCC-1 Statements), which was subsequently extended.

The owner of the Defendant Dylan Lucy, BDI, defaulted under the terms of the Loan Documents by failing to make payments when they became due, and failing to maintain, in full force and effect, insurance coverage for the Defendant vessel Dylan Lucy. Moreover, the indebtedness under the Loan Agreement matured and is fully due and owing. The current outstanding mortgaged indebtedness secured by the Vessel Dylan Lucy and due under the Loan Agreement from BDI, jointly and severally is three million seven hundred and nine thousand four

hundred eighty-three dollars and thirty-one cents ($3,709,483.31) comprising of principal, interest, late fees, repossession expenses, insurance, survey and expenses incurred with the custodianship and safe keeping of the Defendant Vessel. Plaintiff Bank of America has a valid preferred mortgage lien against the Vessel Dylan Lucy for the amount of $3,709,483.31 through January 30, 2025. Thus, Bank of America can enforce its preferred mortgage lien against the Vessel Dylan Lucy, pursuant to 46 U.S.C. § 31325, seeking the interlocutory sale of the Defendant Vessel Dylan Lucy to satisfy its referred mortgage lien against the Defendant Vessel Dylan Lucy.

Additionally, as a result of BDI's default under the Loan Agreement, Plaintiff is also entitled to foreclose on its security interests in the subject personal property collateral.

Plaintiff is also seeking attorney's fees and costs. Attorney's fees are recoverable in admiralty where they are provided for by contract. *See Natco Ltd. P'Ship v. Moran Towing of Florida, Inc.*, 267 F .3d 1190, 1193 (11th Cir. 2001). Under the terms of the Loan Agreement, Preferred Ship Mortgage and Security Agreement, Plaintiff is entitled to recover attorney's fees and costs incurred in enforcing its rights as against the Vessel Dylan Lucy and against BDI. As such, Plaintiff Bank of America is entitled to recover its attorneys' fees, costs of litigation, custodial fees, insurance premiums advanced and other expenses incurred in this litigation, all secured by Bank of America's preferred ship's mortgage over the Vessel Dylan Lucy.

Plaintiff, having complied with the Rule of Civil Procedure, and having demonstrated that no answer has been filed in this action after proper notice and due process, and having provided support for its judgment and damages, accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff Bank of America's Renewed Motion for Default Final Judgement [DE 42] is hereby **GRANTED**.

2. Bank of America's First Preferred Ship Mortgage granted to Bank of America by the sole owner of the Dylan Lucy, BDI, is a valid and enforceable preferred ship mortgage

against Defendant Dylan Lucy in the amount of $3,709,483.31, plus per diem interest in the amount of (amount of days since January 30, 2025 to present at $625.81) plus post judgment interest, attorney's fees, cost of litigation, insurance and custodian fees and costs. The Preferred Ship Mortgage also secures payment of attorneys' fees, and Bank of America is entitled to such attorneys' fees. Plaintiff may move for a determination of amounts due and owing for attorneys' fees and costs per Southern District of Florida Local Rule 7.3.

3. A separate Final Judgment shall be entered by the Court memorializing the amounts due and owing and directing the sale of Defendant Vessel, Dylan Lucy, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., *in rem*, be condemned and sold at Marshal's sale, and for an order that the proceeds of the sale to be placed into the Court's registry for determination of priority rights of any intervening claims as referenced hereinabove. Bank of America is allowed to credit bid its judgment for the amount listed on the Final Judgment, plus post judgment costs, custodian fees, insurance advances in addition to litigation costs and fees, at an eventual Marshal's sale for the Vessel Dylan Lucy.

4. Bank of America is granted a lien on the personal property collateral as asserted in Count III of the Verified Complaint, and order that the Collateral be seized and sold according to law and proceeds be applied to the outstanding indebtedness due Plaintiff Bank of America.

5. The Defendant Vessel Dylan Lucy can be sold at an interlocutory sale to satisfy Bank of America's preferred mortgage lien for the amounts detailed in the Final Judgment to be entered hereafter.

6. The Court retains jurisdiction to award any subsequent attorneys' fees, court costs, insurance advances and custodial costs incurred by Bank of America through the sale of the Vessel Dylan Lucy.

7. The Court further retains jurisdiction over this matter to enter a deficiency judgment as against BDI should the proceeds of the sale from the Vessel Dylan Lucy not satisfy the judgment amount.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 11th day of April, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record