UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-60736-SMITH

IN ADMIRALTY

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

BURRELL DIVERSIFIED INVESTEMENTS, LLC, a Delaware Limited Liability Company, DYLAN LUCY, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., *in rem*,

    Defendants.
_____/

## FINAL JUDGMENT

Upon consideration of Plaintiff's Renewed Motion for Default Judgment Against Dylan Lucy Official No. 1294109 and Burrell Diversified Investments, LLC and Incorporated Memorandum of Law ("Renewed Motion Default Judgment") [DE 42], and being fully advised of the premises, the Court enters the following judgment in favor of Plaintiff, Bank of America, N.A. a national banking association ("Plaintiff" or "Bank of America") against the Defendants, Burrell Diversified Investments LLC ("BDI"), *in personam*, and Dylan Lucy, Official Number 1294109, Hull Number ZEE72038C920 her parts, appliances, equipment, substitutions, etc., (the "Vessel" or the "Dylan Lucy") *in rem* (the Dylan Lucy and BDI collectively, the "Obligated Parties").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This is an action under admiralty and maritime jurisdiction and is an admiralty claim within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C.A. §1333 and an action for monetary damages against BDI under the loan agreement.

2. The Court possesses jurisdiction pursuant to 28 USC Section 1331, 1333, 1391, and 1367 to both the foreclosure action and the in personal claim.

3. The plaintiff, Bank of America, is a national banking association (DE1 1, ¶ 4.)

4. The *in rem* defendant Dylan Lucy is a motor yacht documented under the laws of the United States of America and is owned by BDI and is currently within this district and therefor within the jurisdiction of this court. (*Id*., ¶ 5).

5. BDI is a limited liability company in the state of Delaware that has contractually submitted itself to the jurisdiction of the Court because the Vessel, the collateral for the subject loan transaction is located within the jurisdiction of this Court. BDI is also subject to the Court's jurisdiction by virtue of conducting business in the state of Florida, by, amount other things, being a member of an entity that is doing business in Florida. Specifically, BDI is the sole officer of Burrell Aviation, LLC, a Delaware limited liability company registered to do business in Florida with the Florida Department of State, Division of Corporations.

6. BDI, as owner of Dylan Lucy executed the Loan Agreement in favor of Bank of America dated March 15, 2019 in the principal amount of Three Million, Seven Hundred Eighty Thousand Three Hundred Thirteen and 00/100 Dollars ($3,780,313.00). The Loan Agreement was later amended on November 10, 2022, by that certain Amendment No. 1 to Loan Agreement (the "First Amendment"). The Loan Agreement and First Amendment are hereinafter collectively referred to as the "Loan Agreement." (Plaintiff's Renewed Motion for Default Judgment Ex. 3,

Ex. A ¶ 3.)  To secure re-payment of the Indebtedness, BDI executed a First Preferred Ship Mortgage (the "Mortgage"), and recorded with the National Vessel Documentation Center, U.S. Coast Guard.  (*Id.*)  To further secure the Indebtedness described in the Loan Agreement, on March 15, 2019, BDI executed a Security Agreement granting a security interest in the Vessel and in other personal property collateral as more specifically described therein. (*Id.*, Ex. 3, Ex. C ¶ 3.) The Loan Agreement, Security Agreement and Mortgage are collectively the "Loan Documents".

7.      Bank of America's interest in the Vessel and other personal property collateral were further perfected with the filing of Uniform Commercial Code Financing Statement Matter Identification Number 20192025351 and Financing Statement Amendment Continuation in the Colorado Secretary of State and Uniform Commercial Code Financing Statement Number 20192118706 in the Delaware Department of State ("UCC-1 Statements), which was subsequently extended. (*Id.* Ex. 3, Comp. Ex. D, ¶ 5.)

8.      The owner of the Vessel, BDI, has defaulted under the terms and conditions of the Loan Documents by, including but not limited to, failing to make payments when they became due under the Loan Agreement, failing to maintain, in full force and effect, insurance coverage for the Vessel resulting in Bank of America's requirement to advance the premium payments to avoid a lapse in insurance, and otherwise failing to comply with the terms of the Loan Documents. [*Id.* Ex. 3, ¶6].

9.      The Loan Documents provide that in the event of default, Bank of America could repossess the Vessel, and sell it to recoup all or part of the debt owed on the loan.  (*Id.*)  BDI has failed to make the payments under the Loan Agreement from and after July 2023.  (*Id.*)

10.     On May 2, 2024, Bank of America filed this verified lawsuit seeking to enforce its maritime lien arising from its Preferred Ship Mortgage against the Dylan Lucy, *in rem* (Count I),

the breach of the loan agreement (Count II) and foreclosure of a Security Agreement (Count III) against BDI.

11. Bank of America sought the following relief against the Dylan Lucy: (1)an Order authorizing arrest of the Dylan Lucy, 2) a judgment in favor of Bank of America and against the Dylan Lucy for the amount due, 3) judicial sale of the Dylan Lucy and 4) the barring and foreclosing of all rights, claims and liens to the Vessel, except the right to redeem the Vessel before the sale as provided by law and possibly determining the priority of the intervening claims currently pending in this action.[1]

12. Bank of America is seeking a monetary Judgment against BDI for damages for breaching the Loan Agreement and a judgment foreclosing its security interest in the personal property of BDI pledged as collateral in the Security Agreement, that Bank of America's claim be declared prior to any claim or interest of BDI, or any other party, that the personal property collateral be seized and sold according to law, and the Court adjudge that right, title and interest inferior to Bank of America's secured interest, that all parties in possession thereof surrender and deliver the personal property collateral that the proceeds of the sale be applied to payment of the costs and expenses of taking possession and foreclosing upon the personal property collateral.

13. On May 25, 2024, the U.S. Marshal executed the Warrant for Arrest against the Dylan Lucy. *See* U.S. Marshals Service Process Receipt and Return [DE 12].

14. Pursuant to Local Admiralty Rule C(8), Bank of America provided notice of action and arrest as follows:

   a. By service of process on the party having custody of the vessel on accomplished on the *Dylan Lucy* when the United States Marshal arrested the *Dylan Lucy*. The

---

[1] White Rhino Holdings, LTD filed an Intervenor complaint on August 13, 2024 [DE 32]. White Rhino and Plaintiff entered into a Confidential Settlement Agreement and White Rhino dismissed its Intervening Complaint. (*See* [DE 38].) Cable Marine Inc. filed an Intervening Complaint on July 10, 2024 [DE 27]. Plaintiff and Cable Marine Inc. entered into a Confidential Agreement and Cable Marine Inc. dismissed its Intervening Complaint. (*See* [DE 41].)

    United States Marshals Service's Process Receipt and Return [DE 12] was filed with the Court on May 28, 2024.

  b. By service of process on the owner, Burrell Diversified Investments, LLC ("BDI") *in personam* by serving its Registered Agent with process including the summons and Verified Complaint with exhibits, as fully set forth in the Affidavits of Service filed in this is matter on June 17, 2024 [DE 19].

  c. By publication in the Sun Sentinel on June 3, 2024 and June 10, 2024, as set forth in the Affidavit of Publication filed on June 14, 2024 [DE 16].

15. To date, no claims have been filed by Dylan Lucy or BDI and the Clerk of Court entered a default against BDI [DE 26] and Dylan Lucy [DE 29].

16. Federal Rule of Civil Procedure 55(b)(2) authorizes entry of a default judgment against properly served defendants who fail to defend or otherwise appear.  By defaulting, the defendant is deemed to have admit[ted] the plaintiff's well-pleaded allegations of fact" for purposes of liability.  *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). However, "allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

17. Dylan Lucy has failed to appear in this action.  As such, Bank of America is entitled to enforce its preferred ship's mortgage lien in the amount of the outstanding mortgage indebtedness secured by the Dylan Lucy.  *See* 46 U.S.C. § 31325 (a), (b).   Judgment is hereby entered as to Count I *In Rem* Foreclosure of Preferred Ship Mortgage and Arrest of Vessel against the Dylan Lucy.

18. BDI has failed to appear in this action.  As such, Bank of America is entitled to judgment for breach of the Loan Agreement and foreclosure of the security agreement against

BDI. Judgment is hereby entered as to Count II Breach of Loan Agreement and Count III Foreclosure of Security Agreement against the BDI.

19. In this connection, the Plaintiff seeks a default final judgment, jointly and severally, against Dylan Lucy and BDI in the amount of:

| | |
|---|---:|
| Principal Balance: | $3,169,512.30 |
| Interest (contractual rate)[2] | $378,092.82 |
| Late Fees | $24,709.34 |
| UCC Termination | $30.00 |
| Survey | $1,800.00 |
| Insurance Advances | $33,977.00 |
| Custodian Expenses as of December 31, 2024 | $101,361.85 |
| **TOTAL:** | **$ 3,709,483.31** |

20. The total sum in Paragraph 20 above shall accrue post-judgment interest at the prevailing statutory rate, pursuant to 28 U.S.C §1961, for which let execution issue.

21. Plaintiff provided undisputed evidence in this case establishing the Obligated Parties' liability and damages of $3,709,483.31, comprising of principal, interest, late fees, repossession expenses, survey, insurance and expenses incurred with the custodianship and safe keeping of the Defendant Vessel. (*See* [DE 38].) This amount is exclusive of attorney's fees and litigation costs.

22. The Court finds that the security interest in and lien on the personal property associated with the Vessel held by Plaintiff, Bank of America, is superior in dignity to any right, title interest or claims of Defendants Dylan Lucy and BDI.

23. The in rem Defendant, Dylan Lucy, a 2020 66 foot Zeelander motor Yacht, Official Number 1294109, her parts, appliances, equipment, substitutions, etc., is HEREBY CONDEMNED AND ORDERED TO BE SOLD either at (1) an auction by the U.S. Marshal to

---

[2] Per diem contractual interest of $625.81 after January 30, 2025.

the highest bidder upon the terms of and in accordance with the procedure set forth in Local Admiralty Rule E (16) and (17) or, (2) via private sale, the terms for which will be subject to Court approval. As to these options, the Court will authorize the form of the sale at a later date based upon a motion filed with the Court.

24. If an auction by the U.S. Marshal is determined to be the method for disposing of the Vessel, upon service on the U.S. Marshal of a copy of this Final Judgment, the U.S. Marshal is directed to give notice of the public sale by advertisement in accordance with Local Admiralty Rule E(16), by stating:

   a. the time and place where the sale will be conducted;
   b. that prospective bidders, upon application to U.S. Marshal and at such times and in such manner as the Marshal may direct, may board the Vessel for inspection;
   c. that the sale will be to the highest bidder;
   d. that the successful bidder shall be required to pay a deposit of the greater of $500.00 or 10% of the successful bid at the time and place of the sale and shall be required to pay the remaining purchase price within seven (7) days thereafter, and that all payment shall be in cash, or certified or cashier's check to be drawn upon a first class commercial bank with an office or branch within the Southern District of Florida; and,
   e. that the sale and post-sale process will follow the procedure set forth in Local Admiralty Rule E(17).

25. At a public sale, Plaintiff, Bank of America, shall be permitted to credit bid up to the full amount of this Final Judgment (and any subsequent final judgments entered by the Court for amounted owed to Plaintiff, Bank of America, for sums attributable to amounts owed by the BDI under the Loan Documents), or any part thereof, in

lieu of cash at the public sale of the Vessel, and shall not be required to pay cash or other payment, either as a deposit at the time of sale or as a balance to the purchase price.

26. Payment by the successful bidder at a public sale shall be in accordance with Local Admiralty Rule E(17)(a). The successful bidder at a public sale, with the exception of Bank of America as provided in Paragraph 25 of this Judgment, must immediately deposit the greater of $500.00 or 10% of the successful bid with the U.S. Marshal. Thereafter, the successful bidder at a public sale shall pay the remainder of the purchase price within seven (7) days unless any objection to the sale is filed within seven (7) days as provided by Local Admiralty Rule E(17)(g). Pursuant to Local Admiralty Rule E(17)(a)(2), if an objection is filed to the public sale, the successful bidder is excused from paying the remaining purchase price until seven (7) days after the Court confirms the sale.

27. This Court shall confirm the sale or sustain the objection(s) to the public sale in conformance with Local Admiralty Rule E(17)(f) - (h).

28. After this Court has confirmed the sale of the Vessel at a public sale, and the purchaser to the public sale, has made full payment therefore, the U.S. Marshal shall deliver a Bill or Bills of Sale for Dylan Lucy and any of her boats separately registered to the confirmed purchaser of said Vessel and said Vessel shall be conveyed by the U.S. Marshal "As Is, Where Is," free and clear of all liens, claims, and encumbrances whatsoever.

29. The U.S. Marshal's fees, poundage and expenses, including any and all costs incurred in keeping the Vessel while under arrest and substitute custodian fees, and all expenses incurred in advertising and arranging the sale of the Vessel, shall be deemed administrative expenses of the U.S. Marshal. Upon confirmation of these expenses by the Court, the U.S. Marshal is authorized to deduct these administrative costs and expenses from the proceeds of the sale of the Vessel as costs of *custodia legis*.

30. Any and all proceeds received from the sale of the Vessel at a public sale, or from a private sale, shall be deposited into the registry of the Court. Subject to confirmation of the sale by the Court, and upon motion by Plaintiff, Bank of America, the proceeds of the sale of the Vessel shall be applied to satisfy fully and partially as the case may be, the Final Judgment after satisfaction of the *custodia legis* and the U.S. Marshal's expenses of sale as defined in Paragraph 29 above, and any other claims of third parties found to be valid by the Court with higher priority than that of Plaintiff, Bank of America.

31. If the proceeds of the sale of the Vessel, after deduction of the expenses and other charges in Paragraph 30 above, do not satisfy the Final Judgment, Plaintiff, Bank of America, may seek a deficiency judgment against Defendant BDI.

32. Plaintiff, Bank of America, is permitted to assign to any third party this Final Judgment, the right of Plaintiff, Bank of America to bid at the public sale of the Vessel contemplated in Paragraphs Nos. 23 -31 above, and/or any successful bid made by Plaintiff, Bank of America, at the public sale of the Vessel contemplated in Paragraph Nos. 23-31 above, and the U. S. Marshal shall recognize the assignment without necessity of any further Order from this Court.

33. The Court shall retain jurisdiction over this matter, and this matter shall remain an open case for all purposes including specifically, but without limitation, (i) enforcing this Final Judgment, (ii) issuing a deficiency judgment against the BDI if such circumstances arise, ( (iii) entering a separate or supplemental judgment for the additional sums incurred post judgment (iv) to enter any other orders necessary or proper to enforce the Final Judgment, any deficiency judgment entered by this Court (as described in Paragraph No. 31 above) and/or any separate final judgment at for any additional sums (as described in Paragraph No. 31 above), (vii) to enter any other order or judgment

addressing any and all claims as to the proceeds of the sale of the Vessel and (viii) to enter any other order or judgment addressing any motion filed by Plaintiff, Bank of America, for an award of the reasonable attorney's fees and costs incurred in enforcing its legal rights and remedies under the Loan Documents. In this regard, Plaintiff, Bank of America, is the prevailing party on all claims asserted in the Verified Complaint, and, as such, the Court finds that Plaintiff, Bank of America, is entitled to recover its reasonable attorney's fees and costs incurred in connection with this action, pursuant to (1) the Loan Documents which evidence the Dylan Lucy loan and are attached to the Verified Complaint, and (2) Florida Statutes § 57.041. The Court specifically reserves ruling as to the amount of attorney's fees and costs to be awarded to Plaintiff, Bank of America, at this time as this case is ongoing.

Accordingly,

**IT IS ORDERED AND ADJUDGED** as follows:

1. Default Final Judgment of Foreclosure, *In Rem*, is entered in favor of the Plaintiff, BANK OF AMERICA, N.A., a national banking association, and against the Defendant Vessel, the Dylan Lucy, Official Number 1294109, Hull Number ZEE72038C920 her parts, appliances, equipment, substitutions, etc., and Burrell Diversified Investments, Inc., jointly and severely, in the amount of **$3,709,483.31.**

2. Plaintiff may file a motion for reasonable attorney's fees and costs incurred in connection with this matter pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(d)(2).

3. This Court retains jurisdiction over this matter to enter further orders as necessary including a deficiency judgment, an award of attorneys' fees and costs and further orders directed to the sale of the subject Vessel Dylan Lucy.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 11th day of April, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record